**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0913n.06

No. 12-4205

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Oct 24, 2013
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| LARRY LEWIS, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE NORTHERN |
| RONALD E. WECK, | ) | DISTRICT OF OHIO |
| | ) | |
| Defendant-Appellant. | ) | |

**BEFORE: DAUGHTREY, COOK, and WHITE, Circuit Judges.**

**HELENE N. WHITE, Circuit Judge.** Defendant Ronald Weck appeals the district court's denial of his motion to dismiss based on qualified immunity in this 42 U.S.C. § 1983 action alleging that Weck violated Plaintiff Larry Lewis's Fourth and Fourteenth Amendment rights when, without a warrant, he entered a house owned by Lewis to inspect the house for health and safety hazards. We AFFIRM.

Weck contends that the inspection was not a Fourth Amendment search because the house was unoccupied, unused, and in poor condition at the time. On the other hand, he argues, if the inspection was a Fourth Amendment search, it was constitutional because Lewis consented and exigent circumstances justified the entry. Finally, Weck insists, if the search did, in fact, violate Lewis's Fourth Amendment rights, he is nevertheless entitled to qualified immunity because a reasonable officer in Weck's position would have believed that his conduct was lawful.

Lewis disputes our jurisdiction. Although most denials of summary judgment are nonfinal orders that cannot be appealed pursuant to 28 U.S.C. § 1291, an order denying qualified immunity is immediately appealable. *Harrison v. Ash*, 539 F.3d 510, 516 (6th Cir. 2008) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 525–27 (1985)). Still, our jurisdiction over such appeals is limited: we may review the district court's order only "to the extent that it turns on an issue of law." *Mitchell*, 472 U.S. at 530; *Harrison*, 539 F.3d at 517 ("[T]o the extent that the denial of qualified immunity is based on a factual dispute, such a denial falls outside of the narrow jurisdiction of this Court."). A defendant bringing an interlocutory appeal of the denial of qualified immunity must accept the facts in the light most favorable to the plaintiff and assert issues of law. Although, as Lewis argues, portions of Weck's brief appear to dispute, rather than accept arguendo, Lewis's version of the facts, that does not deprive us of jurisdiction over the legal questions presented. *Estate of Carter v. City of Detroit*, 408 F.3d 305, 310 (6th Cir. 2005) (where defendant "raises the purely legal question . . . whether the facts alleged . . . support a claim of violation of clearly established law . . . this court can ignore the defendant's attempts to dispute the facts and nonetheless resolve the legal issue, obviating the need to dismiss the entire appeal for lack of jurisdiction.") (internal quotation marks and citations omitted). Accordingly, we deny Lewis's motion to dismiss.

As to the merits of Weck's appeal, we find no error in the district court's denial of qualified immunity. The court correctly noted that the Fourth Amendment's warrant requirement applies to private residences and commercial premises, and that the warrant requirement "applies with similar force even where municipal fire, health, or housing inspectors are conducting administrative searches." R. 61, Order at 4 (citing *Camara v. Municipal Court*, 387 U.S. 523, 534 (1967)). The

court rejected Weck's arguments that as a matter of law Lewis lacked a reasonable expectation of privacy in the structure, Lewis consented to the search, and the condition of the property justified an exception to the warrant requirement. We agree that taken in the light most favorable to Lewis, the evidence undermines these arguments.

Addressing Weck's qualified-immunity defense, the court correctly found that the right to be free from an administrative search conducted without a warrant, and without consent, is clearly established. Although Weck had argued that his reliance on an attorney's advice that he had the right to enter the house constituted an "extraordinary circumstance" that entitles him to qualified immunity, *see Harlow v. Fitzgerald*, 457 U.S. 800, 819 (1982) ("[I]f the official pleading the defense claims extraordinary circumstances and can prove that he neither knew nor should have known of the relevant legal standard, the [qualified-immunity] defense should be sustained."), the district court did not err in finding that fact issues remain with respect to the attorney's "prominence and competence" under the relevant legal test. *See York v. Purkey*, 14 F. App'x 628, 633 (6th Cir. 2001) (citing *V-1 Oil Co. v. Wyoming*, 902 F.2d 1482, 1489 (10th Cir. 1990)). Relying on the same issue of fact, the court also denied Lewis's motion for summary judgment.

Thus, we **AFFIRM** the district court's denial of qualified immunity for the reasons stated in its order filed September 20, 2012.